IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYAN MARINELARENA,

    Petitioner,

vs.                                        No. CV 16-01363 KG/SCY
                                             No. CR 15-02783 JGC

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court on the Petition to Reconsider Petitioner's Sentence in Pursuant to Title 18 U.S.C. § 2553(a)(6) and in Light of the New Fast Track Program and the Second Chance Act in Pursuant to Title 18 U.S.C. § 3621(a) In Conjunction With Title 18 U.S.C. § 3624(c)(1)(2)(3)(4)(5) filed by Petitioner Bryan Marinelarena on December 9, 2016 (the "Petition"). (CV Doc. 1; CR Doc. 54). The Court lacks jurisdiction to consider Marinelarena's request and will dismiss the Petition. Also before the Court are Marinelarena's Application to Proceed in District Court Without Prepaying Fees or Costs (CV Doc. 5) and Motion for Appoiment (sic) of Counsel Pursuant to Title 18 U.S.C. § 3006A (CV Doc. 6). The Court will grant the Application to Proceed and deny Marinelarena's Motion for appointment of counsel as moot.

Marinelarena was charged with manufacture, distribution, or possession with intent to manufacture, distribute or dispense a controlled substance, namely 6.6 kilograms of heroin. (CR Doc. 1). Marinelarena pled guilty to conspiracy to possess with intent to distribute more than 1 kilogram of a mixture or substance containing a detectable amount of heroin contrary to 18 U.S.C. §§ 841(a)(1) and (b)(1)(A). (CR Doc. 42, 50). In his Amended Plea Agreement, he

1

stipulated that he understood the Court could impose a sentence of 10 years to life. (CR Doc. 50 at 2). He also stipulated that a sentence of 54 months was the appropriate sentence, taking into account his acceptance of responsibility, and that no further reductions should be allowed. (CR Doc. 50 at 4). At his sentencing hearing, the Court rejected the Amended Plea Agreement and, over the objection of the United States, varied downward to a sentence of 36 months. The Court entered Judgment on February 24, 2016, sentencing Marinelarena to 36 months of imprisonment followed by 5 years of unsupervised release, and recommending commencement of removal proceedings. (CR Doc. 49).

Marinelarena's Petition was filed on December 9, 2016. In his Petition, Marinelarena asks the Court to reconsider the sentence on the grounds that "this Court 'would/could' have give the petitioner a lenient sentence." Marinelarena asks the Court to shorten his sentence under 18 U.S.C. § 2553(a)(6) and 18 U.S.C. §§ 3621(a) and 3624(c)(2). (CV Doc. 1 at 4; CR Doc. 54 at 4). Because Marinelarena challenges the length or duration of his present physical custody, the Court construes Marinelarena's Petition as a request for habeas corpus relief under 28 U.S.C. § 2241. *See Palma–Salazar v. Davis,* 677 F.3d 1031, 1035 (10th Cir.2012).

To the extent Marinelarena is asking this Court to reconsider and impose a shorter sentence under 18 U.S.C. § 2553(a)(6), a federal court lacks inherent authority to modify a previously-imposed sentence. A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. *United States v. Green,* 405 F.3d 1180, 1184 (10th Cir.2005). A motion for sentence modification that is not a direct appeal or collateral attack under 28 U.S.C. § 2255 depends entirely on authority granted by 18 U.S.C. § 3582(c). *United States v. Smartt,* 129 F.3d 539, 540 (10th Cir. 1997).

Section 3582(c) authorizes courts to modify a sentence of imprisonment under three circumstances: (1) when the director of the Bureau of Prisons (BOP) moves to reduce the sentence for reasons enumerated in 18 U.S.C. § 3582(c)(1)(A); (2) when modification is permitted under Fed. R. Crim. P. 35 and 18 U.S.C. § 3582(c)(1)(B) to promptly correct a clear error or to reduce the sentence for substantial assistance; and (3) when the Sentencing Commission has reduced the applicable guidelines range after the defendant was sentenced pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Jones,* 515 Fed.App'x 783, 784 (10th Cir.2013). The BOP has not moved to reduce Marinelarena's sentence and he has not identified any post-sentencing reduction of the applicable guidelines range. Nor does Rule 35 authorize the reconsideration of his sentence that he seeks. There is no indication of clear error on the record and the government has not moved for a reduction based on substantial assistance. *See* Fed. R. Crim. P. 35(a) and (b). The Court lacks jurisdiction because none of the circumstances enumerated by section 3582 exist in Marinelarena's case.

Moreover, 18 U.S.C. §§ 3621(a) and 3624(c)(2) govern the duration and conditions of Marinelarena's imprisonment by the BOP. To the extent Marinelarena seeks habeas relief under those statutes, he may only proceed against his immediate physical custodian in the District of his incarceration. *Rumsfeld v. Padilla,* 452 U.S. 426, 442-43 (2004). Although Marinelarena was sentenced in this Court, his Petition indicates that he is incarcerated at the Reeves County Detention Center I & II in Pecos, Texas, not in New Mexico. (CV Doc. 1 at 1; CR Doc. 54 at 1). Therefore, this Court lacks jurisdiction to grant him relief on his habeas corpus claims under §§ 3621(a) and 3624(c)(2).

**IT IS ORDERED:**

(1) Petitioner Bryan Marinelarena's Application to Proceed in District Court Without

3

Prepaying Fees and Costs (CV Doc. 5) is **GRANTED**;

(2) the Motion for Appointment of Counsel Pursuant to Title 18 U.S.C. § 3006(a) (CV Doc. 6) is **DENIED** as moot in light of the dismissal of this proceeding; and

(3) the Petition to Reconsider Petitioner's Sentence in Pursuant to Title 18 U.S.C. § 2553(a)(6) and in Light of the New Fast Track Program and the Second Chance Act in Pursuant to Title 18 U.S.C. § 3621(a) In Conjunction With Title 18 U.S.C. § 3624(c)(1)(2)(3)(4)(5) filed by Petitioner Bryan Marinelarena on December 9, 2016 (the "Petition"). (CV Doc. 1; CR Doc. 54) is **DISMISSED** based on lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE

4